IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMANTHA THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL CHECK RESOLUTION, INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>No. 1:21-cv-_____ |

## **COMPLAINT**

Plaintiff Samantha Thomas hereby files this action for unlawful employment discrimination against her former employer, National Check Resolution, Inc. ("NCR"), alleging as follows:

### **Parties, Jurisdiction & Venue**

1.

Plaintiff Thomas is a woman who was employed by Defendant NCR from approximately March 2020 until approximately November 1, 2020. She may be contacted through undersigned counsel and submits herself to the jurisdiction and venue of this Court for purposes of this action.

2.

Defendant NCR is a Georgia corporation with its principal office in Buford, Gwinnett County, Georgia, and is subject to personal jurisdiction in this judicial district and division. At all times relevant to this action, NCR employed at least fifteen individuals. It may be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia, 30092.

3.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff Thomas's claims arise under federal law.

4.

Venue is appropriate in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because this is the judicial district in which Defendant NCR is deemed to reside and because this is the judicial district in which a substantial part of the events giving rise to Plaintiff's claims occurred.

## Facts Giving Rise to Plaintiff's Claims

5.

Plaintiff Thomas was employed by Defendant NCR, a debt-collection company, from approximately March 2, 2020, until approximately November 1, 2020.

6.

In approximately July 2020, before NCR learned that Plaintiff was pregnant, NCR gave Plaintiff a merit-based raise, increasing her pay from $15 to $17 per hour.

7.

Plaintiff found out she was pregnant in July 2020 and informed NCR of her pregnancy the following month (August 2020), when she began to suffer from debilitating side effects, such as morning sickness.

8.

When Plaintiff informed her supervisor that she was pregnant, her supervisor responded: "That's not good, because I have seen it happen before."

9.

After learning of Plaintiff's pregnancy, NCR began treating Plaintiff worse than it did before it learned she was pregnant. For example, her supervisor quit

assisting her with her calls when she asked for help and stopped providing her with small gifts of cash as he had done for her and other employees in the past. Her supervisor continued to assist other, non-pregnant employees with their calls and to provide other, non-pregnant employees with cash gifts.

10.

NCR told Plaintiff that when she delivered her baby, she would be allowed to take only three days of leave.

11.

On November 1, 2020, NCR terminated Plaintiff's employment.

12.

NCR's claimed reason for the termination—that Plaintiff was being fired for not meeting her October collections goal—was pretextual. Other similarly situated but non-pregnant employees who did not hit their October collections goals were not terminated. Upon information and belief, Plaintiff was the only individual terminated at the time, even though numerous other employees did not hit their October goals and had even been threatened with termination if they did not meet those goals.

13.

In reality, NCR terminated Plaintiff's employment because she was pregnant. NCR believed that the pregnancy would interfere with Plaintiff's job performance, would cause Plaintiff to take sick leave more than a non-pregnant employee, would cause Plaintiff to shift her focus from work to family, and would otherwise make Plaintiff a less desirable employee than non-pregnant persons.

### Count One: Pregnancy Discrimination

14.

Plaintiff incorporates the preceding allegations as if fully restated herein.

15.

At all times relevant to this action, NCR was engaged in an industry affecting commerce and employed more than fifteen employees. NCR was Plaintiff's "employer," and Plaintiff was NCR's "employee," for purposes of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*

16.

At all times relevant to this action, Plaintiff was qualified to do the job for which she was hired by NCR.

17.

Once Plaintiff became pregnant in July 2020, she was a member of a protected class under Title VII, as amended. NCR was aware that she was in this protected class by at least August 2020, approximately one month into Plaintiff's pregnancy.

18.

Plaintiff was subjected to disparate and adverse treatment as a result of her pregnancy, including the termination of her employment on approximately November 1, 2020. Even prior to her termination, between August and November 2020, she was held to a different standard and subjected to worse treatment than her non-pregnant peers.

19.

Similarly situated employees outside of Plaintiff's protected class (i.e., non-pregnant employees) were given more favorable treatment than Plaintiff and were not terminated, even though they, too, suffered from the same alleged performance deficiencies that were relied upon as the pretextual reason for terminating Plaintiff.

20.

Other non-pregnant NCR employees did not meet their October collection goals but were not terminated. Upon information and belief, nobody other than Plaintiff was terminated for not meeting their October collection goals.

21.

Defendant's stated reason for terminating Plaintiff was false, and its real reason for terminating her was discriminatory based on her pregnancy.

22.

The decision to terminate Plaintiff's employment was made by the same supervisor who told Plaintiff that it was "not good" that she was pregnant because he had "seen it happen before."

23.

Defendant's actions were taken intentionally, willfully, maliciously, and with a wanton or reckless disregard for Plaintiff's federally protected rights.

24.

Defendant NCR unlawfully and intentionally discriminated against Plaintiff because of her pregnancy, in violation of Title VII, as amended. Defendant is liable to Plaintiff for all damages actually and proximately caused by its unlawful conduct, including lost wages (back pay and front pay in lieu of

reinstatement, as reinstatement is neither feasible nor realistic under the circumstances), damages for emotional distress and mental anguish, other compensatory damages of a pecuniary and non-pecuniary nature, punitive damages up to the maximum amount permitted under Title VII, pre- and post-judgment interest at the maximum rates allowable by law, attorneys' fees, and such other legal or equitable relief as the Court or fact-finder deems appropriate.

**Exhaustion of Administrative Remedies**

25.

Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") within 180 days after her termination.

26.

Plaintiff received a notice of suit rights from the EEOC on October 21, 2021. This action is filed within 90 days after Plaintiff's receipt of that document.

27.

Plaintiff has exhausted all applicable administrative remedies to bring this suit.

WHEREFORE, Plaintiff respectfully asks this Court to:

1. Accept this case for filing and take all necessary actions to secure the just, speedy, and inexpensive determination of this case as provided for in Rule 1 of the Federal Rules of Civil Procedure;

2. Find, order, and declare that Defendant violated Plaintiff's federally-protected rights as alleged herein;

3. Award Plaintiff all legal and equitable relief to which she is entitled, including compensatory damages for her economic and non-economic losses, punitive damages in an amount sufficient to punish Defendant for its behavior toward Plaintiff and deter similar conduct in the future, back pay, front pay in lieu of reinstatement, pre- and post-judgment interest at the maximum rates allowable by law, attorneys' fees and costs of litigation, and any and all other relief deemed necessary, proper, or just;

4. Grant a trial by jury on all issues so triable; and

5. Grant any further relief deemed necessary, proper, or just.

Submitted this 1st day of November 2021.[1]

_____
Jennifer K. Coalson, Esq.
Georgia Bar No. 266989

PARKS, CHESIN & WALBERT, P.C.
75 Fourteenth St., Suite 2600
Atlanta, Georgia 30309
(404) 873–8000
jcoalson@pcwlawfirm.com

*Counsel for Plaintiff*

---

[1] Pursuant to Local Rule 7.1(D), undersigned counsel certifies that this filing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).